**KLESTADT WINTERS JURELLER
 SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Fred Stevens
Kathleen M. Aiello

*Counsel to Yann Geron, Chapter 7 Trustee*

Hearing Date: November 30, 2020 at 3:00 p.m. (EST)

Response Deadline: November 23, 2020 at 5:00 p.m. (EST)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
In re                                              :
                                                   :     Chapter 7
EIGHT-115 ASSOCIATES, LLC,                         :
                                                   :     Case No. 20-11812 (MG)
                          Debtor.                  :
---------------------------------------------------------x

**NOTICE OF HEARING ON CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY
OF ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 502, 506 AND
507 AND FED. R. BANKR. P. 4001(a)(1) AND (d), AND 9019, APPROVING
STIPULATION BY AND BETWEEN YANN GERON, CHAPTER 7 TRUSTEE,
AND SECURED LENDER HARLEM MULTIFAMILY LLC: (I) FIXING CLAIM
AMOUNT AND EXTENT, VALIDITY AND PRIORITY OF LIENS; (II)
ESTABLISHING MECHANISM FOR THE DISPOSITION OF ESTATE
PROPERTY; (III) PROVIDING FOR CARVE-OUT OF LENDER'S LIENS; (IV)
ESTABLISHING SHARING ARRANGEMENT WITH RESPECT TO
PROCEEDS OF CERTAIN CLAIMS AGAINST THIRD PARTIES; AND
<u>(V) PROVIDING FOR RELATED RELIEF</u>**

**TO:    THE UNITED STATES TRUSTEE, ALL PARTIES THAT HAVE REQUESTED
NOTICE IN THE DEBTOR'S CASE, AND ALL PARTIES ENTITLED TO
NOTICE UNDER FED. R. BANKR. P. 2002:**

**PLEASE TAKE NOTICE** that a hearing will be held on **November 30, 2020 at 3:00 p.m. (prevailing Eastern Time)** (the "<u>Hearing</u>") before the Honorable Martin Glenn, United States Bankruptcy Judge for the Southern District of New York, at the United States Bankruptcy Court, Southern District of New York (the "<u>Bankruptcy Court</u>"), One Bowling Green, New York, New York 10004, to consider the *Chapter 7 Trustee's Motion for Entry of Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 502, 506 and 507 and Fed. R. Bankr. P. 4001(a)(1) and (d), and 9019, Approving Stipulation By and Between Yann Geron, Chapter 7 Trustee, and Secured Lender Harlem Multifamily LLC: (I) Fixing Claim Amount and Extent, Validity and Priority of*

1

*Liens; (II) Establishing Mechanism for the Disposition of Estate Property; (III) Providing for Carve-Out of Lender's Liens; (IV) Establishing Sharing Arrangement with Respect to Proceeds of Certain Claims Against Third Parties; and (V) Providing for Related Relief* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court, in order to protect public health, and in recognition of the national emergency that was declared by the President of the United States on March 13, 2020, entered General Order M-543 on March 20, 2020. Pursuant to General Order M-543, until further notice, all hearings scheduled to be held in the Manhattan Division of the Bankruptcy Court will be conducted telephonically. All attorneys, witnesses and parties wishing to appear at, or attend, a telephonic hearing or conference must refer to the Bankruptcy Judge's guidelines for telephonic appearances and make arrangements with Court Solutions LLC at https://www.court-solutions.com/.

**PLEASE TAKE FURTHER NOTICE** that the Stipulation[1] contains the following salient provisions:[2]

- ➢ ***Compromise and Allowance of the Lender's Liens and Claims.*** The Lender's claim under the Loan Documents is settled, fixed, liquidated and allowed in the sum of $11,000,000.00, as of August 31, 2020, plus all interest at the Default Rate accruing on and after September 1, 2020, plus any and all additional amounts (collectively, the "Claim Additions") for fees, costs, expenses (including, without limitation, attorneys' fees and expenses), protective advances (including any "Lender Advances", as defined below) incurred or accruing on or after September 1, 2020, or chargeable after September 1, 2020 with respect thereto (such aggregate amount is hereinafter referred to as the "Allowed Claim"). Claim Additions, other than for protective advances and Lender Advances, will only be allowed if the Real Property is sold for greater than the principal amount of the Lender's claim of $11,000,000.00. For the avoidance of doubt, the amount of all protective advances and Lender Advances shall automatically be added to the amount of, and be part of, the Allowed Claim. Stipulation, ¶3(a)-(c).

- ➢ ***Replacement Liens and Administrative Claim***. The Lender is granted the additional protection of replacement liens and a priority administrative expense claim with respect to the estate's property and property acquired after the Petition Date. Stipulation, ¶3(d)-(e).

- ➢ ***Management and Sale of the Real Property***. The Trustee will proceed expeditiously with the marketing and sale of the Real Property (the "Sale"), pursuant to Section 363 of the Bankruptcy Code, in the manner that the Trustee and the Lender agree will maximize the value of the Real Property and liquidate the Real Property as quickly as

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] For ease of reference, the Trustee has included a summary of the terms of the Stipulation here. Parties are encouraged to review the Stipulation in its entirety and not to rely on the summary set forth herein. To the extent there is any express or implied conflict between the terms of the Stipulation and the description contained herein, the terms of the Stipulation shall control.

possible. The marketing plan, the method and terms of sale, and the mechanics of the auction will be subject to the Lender's consent and this Court's approval. The Trustee will seek the Court's approval of his management of the Real Property pending the Sale pursuant to Section 721 of the Bankruptcy Code. Stipulation, ¶¶4 & 7(a). Subject to the Court's approval, the Trustee will retain Commercial Realty Resolutions (the "Manager") to manage the Real Property and collect Rents until consummation of the Sale. The Manager will be paid a pre-approved compensation and management fees (the "Management Fee") from the Rents actually collected by the Manager. Stipulation, ¶6.

- ***Retention of Brokers***. Subject to the Court's approval, the Trustee will retain Maltz Auctions Inc. and Cushman & Wakefield (collectively the "Brokers") to market and sell the Real Property as co-brokers. The Brokers will be entitled to compensation and reimbursement of expenses, of no greater than (i) a buyer's premium of four (4%) percent of the amount of the successful bid at an auction of the Real Property, if the Real Property is sold to a person that is not the Lender (or any designee or assignee thereof), or (ii) a commission of one (1%) of the amount of the successful bid at an auction of the Real Property solely if the Lender who is the party to this Stipulation (or any designee or assignee thereof, provided such designee or assignee is affiliated with the Lender, and is not an unrelated third party) acquires the Real Property by a Lender Bid (as defined below). Stipulation, ¶5.

- ***Budget for Management of Real Property***. The Trustee will create and propose to the Lender a budget (the "Budget") to operate the Real Property. A budget that has been approved in writing by the Lender is referred to as an "Approved Budget". Any non-emergency operating expenses of more than $5,000 shall require prior written approval by the Lender prior to incurrence and payment by the Manager. Any disagreement regarding the Budget or payment of any operating expenses contemplated in the Budget, will be submitted to the Court for resolution. All rental income from the operation of the Real Property will be deposited into a separate account and shall be subject to the Lender's collateral and subject to a replacement lien. In the event the rents are insufficient to pay an expense from an Approved Budget or any other expense that the Trustee requests to pay in order to sell or preserve the value of the Real Property, then in the Lender's sole and absolute discretion the Lender may pay such item directly (or may advance the Trustee the funds to pay such item) any such expenses paid or advanced by the Lender shall be deemed to be a necessary protective advance pursuant to the Loan Documents (each a "Lender Advance"). Lender Advances shall accrue interest at the Default Rate. Stipulation, ¶7(b)-(d).

- ***Carve-Out of Lender's Liens***. The Lender's liens, claims and security interests in the Real Property shall be subject to a carve-out (the "Carve-Out") for (a) the amounts due the Brokers, (b) the amounts due the Manager, and (c) reasonable commissions, fees and expenses of the Trustee pursuant to Section 326 of the Bankruptcy Code ("Allowed Trustee Fees"), plus the reasonable fees and expenses actually incurred and approved by the Court (collectively, "Allowed Professional Fees") by the Trustee's attorneys and accountants (collectively, the "Professionals"), in a cumulative, aggregate sum for both the Trustee and all Professionals not to exceed $350,000 ("Professional Fee Carve

3

Out"). Stipulation, ¶8. The Carve-Out cannot be used for most actions or activities that are adverse to the Lender. Stipulation, ¶¶9-13. The Trustee waives the right to seek further carve-outs or surcharges against the Lender's collateral. Stipulation, ¶19.

- *Guaranteed Carve-Out for Other Creditors*. A pot of $100,000 (the "Estate Pot") shall be created from the proceeds of the Sale, which can be enhanced by any portion of the Professional Fee Carve Out not utilized by the Trustee and his Professionals. The Estate Pot shall be used exclusively to pay creditors other than the Lender, unless all such creditors have been paid in full.

- *Lender Credit Bid*. The Lender is permitted to credit bid (a "Credit Bid") up to the full amount of the Allowed Claim. Stipulation, ¶15(a). If the Lender is the successful bidder at the Auction, and such bid does not have a cash component of $5,100,000, then at a closing on the sale of the Real Property, then the Lender's bid will be modified to include a $5,000,000 cash component. Stipulation, ¶15(b).

- *Payment of the Lender's Allowed Claim*. No later than one (1) business day following the Trustee's receipt of any proceeds of sale of the Real Property (collectively, the "Sale Proceeds"), the Trustee shall initiate a wire transfer to the Lender (pursuant to such wire instructions as the Lender shall provide to the Trustee) in an amount equal to the gross amount of all the Sale Proceeds, plus all Rents collected and then held by the Trustee or the Manager with respect to the Real Property subject to the Sale, less (i) the amount of a 1% Brokers' commission (but only if the Lender or its designee or assignee, provided such designee or assignee is affiliated with the Lender, and is not a related third party, is the successful bidder at the Sale) or a 4% Brokers' commission (but only if the entity submitting the credit bid is an assignee of the Lender that is not affiliated with the Lender), (ii) any then unpaid Management Fee owed as of the date of the closing of the Sale, and (iii) the sum of $450,000 (such amount to be paid to the Lender being referred to herein as the "Lender Payment").[3] Stipulation, ¶16(a).

- *Lender's Deficiency Claim*. In the event that the Sale Proceeds from all Sales are not sufficient to pay the Lender's Allowed Claim in full, then the Lender shall automatically have a deficiency claim (the "Deficiency Claim") under the Loan Documents in the amount equal to the sum of: (i) the Allowed Claim on the date of receipt of the Lender Payment; plus (ii) any Claim Additions; plus (iii) the amount of the cash component of a Credit Bid; less (iv) the amount of the Lender Payment; less (but if and only if the Lender is the purchaser of the Real Property under a Credit Bid) (v) (A) if the cash component of the Credit Bid was paid to the Trustee, the amount of the Resulting Credit Bid (as defined in the Stipulation), or (B) if no cash component of the Credit Bid was paid to the Trustee, the amount of the actual Credit Bid. Stipulation, ¶16(b).

---

[3] The Trustee has explained to the Lender the United States Trustee's general limitations on the use of wire transfers pursuant to Section 5(F)(2) of the United States Trustee's Handbook for Chapter 7 Trustee, effective October 1, 2012, and requested to make this payment by estate check. The Lender insisted that the payment be made by wire and that it was a material condition to entry into this Stipulation.

4

> ➢ ***Sharing of Proceeds of Claims Against Daniel Reifer***. Stanley Reifer has identified a number of potential avoidance and other claims against Daniel Reifer in Stanley's Misconduct Action. To the extent that the Trustee pursues those claims, or any other claims owned by the Debtor or the Estate against Daniel Reifer, the DRR Trust, RMC Equities and/or any other affiliate, relative, successor, transferee or assignee of any of the foregoing (all of the foregoing being collectively the "<u>Daniel Reifer Related Persons</u>") then the Lender shall be entitled to eighty (80%) percent of the net proceeds of the recovery on those claims after payment of all reasonable and allowed professional fees and expenses of the Trustee and Trustee commissions, in each case directly associated with the recovery on those claims against the Daniel Reifer Related Persons, up to the amount of the Deficiency Claim. To the extent that the Lender pursues its Deficiency Claim against Daniel Reifer or any of the other Daniel Reifer Related Persons, then the Trustee shall be entitled to fifteen (15%) percent of the net proceeds of the recovery on those claims after payment of all fees and expenses, including, without limitation, all attorneys' fees and expenses, of the Lender associated with the prosecution and/or recovery on such claims against Daniel Reifer or the other Daniel Reifer Related Persons. Stipulation, ¶18.

> ➢ ***Continuation of the State Court Action***. The automatic stay is modified to permit the continuation of the State Court Action, except with respect to the prosecution of claims against the Debtor or its estate by any party other than the Lender. Stipulation, ¶¶20-21.

**PLEASE TAKE FURTHER NOTICE** that the Motion has been filed electronically with the Clerk of the Bankruptcy Court and may be reviewed by all registered users of the Bankruptcy Court's website at www.nysb.uscourts.gov. Copies may also be obtained by contacting the Trustee's counsel, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10017, Attn: Kathleen Aiello, Esq. (kaiello@klestadt.com).

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the Motion must be (a) in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, (c) filed with the Bankruptcy Court, registered users of the Bankruptcy Court's case filing system must file electronically and all other parties in interest must file a on a disc (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows' based word-processing format), and (d) served upon (i) Klestadt Winters Jureller Southard & Stevens, LLP, Attorneys for the Chapter 7 Trustee of Eight-115 Associates, LLC, 200 West 41st Street, 17th Floor, New York, New York 10036-7203, Attn: Fred Stevens and Kathleen Aiello; and (ii) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Susan Arbeit, **so as to be actually received on or before 5:00 p.m. (prevailing Eastern Time) on November 23, 2020.**

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be adjourned from time to time without notice to any creditor or other party in interest other than by announcement of the adjourned date in open court at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served, the Bankruptcy Court may "So-Order" the Stipulation without further notice or hearing.

Dated: New York, New York
November 3, 2020

                        **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: */s/ Fred Stevens*
Fred Stevens
Kathleen M. Aiello
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: fstevens@klestadt.com
       kaiello@klestadt.com

*Counsel to Yann Geron, Chapter 7 Trustee*