**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- X
                                                                                         :

In re:                                                                 :       Chapter 7

EIGHT-115 ASSOCIATES LLC,                      :       Case No. 20-11812 (MG)

                  Debtor.                                     :

------------------------------------------------------------------- X

**STIPULATION AND ORDER (I) GRANTING RELIEF FROM THE
AUTOMATIC STAY TO PURSUE CERTAIN LITIGATION CLAIMS
AGAINST THE DEBTOR'S INSURANCE, AND (II) WAIVING ANY AND
ALL RIGHT TO A DISTRIBUTION FROM THE DEBTOR'S ESTATE**

Yann Geron (the "Trustee"), chapter 7 trustee of Eight-115 Associates, LLC (the "Debtor") the above-captioned debtor, and Anna Strasser (the "Claimant" and together with the Trustee, the "Parties" and each a "Party"), hereby stipulate and agree as follows:

**RECITALS**

A.       On August 6, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

B.       On August 7, 2020, Yann Geron was appointed interim trustee of the Debtor's estate and he thereafter qualified and is currently serving as permanent trustee herein.

C.       By order dated August 26, 2020, the Trustee retained Reitler Kailas & Rosenblatt, LLC ("RKR") as his general counsel in this case [DE 11]. By stipulation made effective on September 22, 2020, RKR consented to the Trustee's substitution of KWJS&S as his general counsel in this case.

D.       On October 9, 2020, the Bankruptcy Court entered an order approving the Trustee's retention of KWJS&S to serve as his general counsel in this Chapter 7 Case [DE 24].

E.      Upon information and belief, the Debtor is a Delaware limited liability company operating from its principal place of business located at 307 West 117 Street, New York, New York 10027.

F.      Prior to the Petition Date, the Debtor was in the business of owning and operating real property in six locations throughout New York City, including (i) 264 West 115th Street, New York, NY 10026 (Section 7, Block 1830, Lot 53) (10 Units); (ii) 276 West 115th Street, New York, NY 10026 (Section 7, Block 1830, Lot 59) (8 Units); (iii) 278 West 115th Street, New York, NY 10026 (Section 7, Block 1830, Lot 59) (10 Units); (iv) 2120 Frederick Douglass Boulevard, New York, NY 10026 (Section 7, Block 1830, Lot 643) (9 Units); (v) 2122 Frederick Douglass Boulevard, New York, NY 10026 (Section 7, Block 1830, Lot 163) (9 Units); and (vi) 2124 Frederick Douglass Boulevard, New York, NY 10026 (Section 7, Block 1830, Lot 63) (9 Units) (collectively, the "Real Property").

G.      The Claimant alleges that she has a valid personal injury claim (the "Claim") against the Debtor, among other defendants, in connection with a fall on the sidewalk within the vicinity of two of the aforementioned buildings, from which she sustained injuries.

H.      Prior to the Petition Date, Claimant commenced an action against the Debtor, and other entities, in New York State Supreme Court, New York County (the "State Court"), styled *Anna Strasser v. Eight-115 Associates, LLC, City of New York, New York City Transit Authority and Metropolitan Transportation Authority* (Index No. 153292/2020) (the "Litigation").

I.      The Litigation and pursuit of the Claim is currently stayed pursuant to section 362(a) of the Bankruptcy Code.

J.      On September 23, 2020, Claimant filed Claim #1 on the claims register for the Debtor's case, asserting an unsecured claim for $10,000,000 (the "Bankruptcy Claim").

K.   On November 17, 2020, the Claimant filed an objection (the "Objection") [ECF No. 31] to the *Chapter 7 Trustee's Motion for Entry of Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 502, 506 and 507 and Fed. R. Bankr. P. 4001(a)(1) and (d), and 9019, Approving Stipulation by and between Yann Geron, Chapter 7 Trustee, and Secured Lender, Harlem Multifamily LLC: (I) Fixing Claim Amount and Extent, Validity and Priority of Liens; (II) Establishing Mechanism for the Disposition of Estate Property; (III) Providing for Carve-Out of Lender's Liens; (IV) Establishing Sharing Arrangement with Respect to Proceeds of Certain Claims against Third Parties; and (V) Providing for Related Relief* (the "Lender Carve-Out Motion") [ECF No. 25].

L.   Debtor is represented by Miller, Leiby & Associates, P.C. ("Litigation Defense Counsel") in the Litigation. The Trustee has not retained Litigation Defense Counsel in the Debtor's bankruptcy case.

M.   Litigation Defense Counsel represented that Debtor is covered under policy #AB02-000472-01 by Clear Blue Insurance Company ("Insurance Policy") with liability limits of $1,000,000 per occurrence.

N.   Litigation Defense Counsel represented that there is no deductible or self-insured retention related to the Insurance Policy that must be paid by the Debtor.

O.   Litigation Defense Counsel represented they were retained by Clear Blue Insurance Company.

P.   The Claimant desires to obtain relief from the automatic stay in order to pursue its Claim and the Litigation. Claimant is willing to waive any and all right to seek a recovery from the Debtor's estate in order to proceed with pursuit of the Claim and Litigation and will seek recovery against only Debtor's Insurance Policy and any other available insurance coverage with respect to

Claimant's claims against the Debtor.

**STIPULATION**

1.  The foregoing recitals are hereby incorporated into and made an express part of this Stipulation.

2.  Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay established in the Debtor's case pursuant to section 362(a) of the Bankruptcy Code, is hereby modified to permit the Claimant to continue pursuit of her Litigation and Claim, provided, however, that any recovery by the Claimant with respect to her Claim and Litigation against the Debtor shall be limited solely to any available insurance coverage of the Debtor. This Stipulation shall not be construed as an admission of liability by the Trustee, the Debtor or its estate in connection with the Claim.

3.  The Claimant hereby waives any and all right to recover from the Debtor's estate on account of her Claim, and agrees to only seek to recover from any available insurance coverage. To the extent that the Claimant has already filed a proof of claim against the Debtor, or does so in the future, such proof of claim shall be deemed expunged without further order of the Bankruptcy Court.

4.  The Claimant's Objection to the Lender Carve-Out Motion shall be deemed overruled without further order of the Bankruptcy Court. For the avoidance of doubt, Claimant agrees to file a Notice of Withdrawal of the Objection to the Lender Carve-Out Motion within 24 hours of execution of this Stipulation.

5.  The Trustee is not a party to the Litigation and shall not be required to testify in the Litigation in the State Court by virtue of the relief granted in this Stipulation, nor shall the Trustee be required to retain counsel in the State Court Action. However, nothing contained herein shall

4

relieve the Debtor of any responsibility to cooperate with Litigation Defense Counsel to provide access to documents[1] that may be retained in the Debtor's books and records as may be requested/ordered by (i) Litigation Defense Counsel, (ii) as ordered by the State Court, (iii) as agreed to/stipulated by Litigation Defense Counsel and the parties in the Claim and the Litigation, and/or (iv) as demanded by subpoena.  The Trustee shall make documents of the Debtor retained by the Estate available for copying by Litigation Defense Counsel.  For the avoidance of doubt, neither the Trustee nor the Debtor's estate shall be required to bear the expense of responding to any discovery requests related to the Litigation in the State Court, nor shall the Trustee be required to take any efforts to obtain documents from third parties or otherwise not within his exclusive control.

6. Nothing contained herein shall prejudice, or deem to prejudice, any other rights of the Parties and any rights, claims, defenses, obligations and challenges any party in interest may have with respect thereto, with respect to the adjudication of the Claim and continuation of the Litigation.

7. This Stipulation may not be modified, amended, or vacated other than by a signed writing by the Parties or by Order of the Bankruptcy Court.

8. Each person who executed this Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute this stipulation on behalf of such Party.

9. This Stipulation shall be governed by, construed and enforced in accordance with the laws of the State of New York, without giving effect to the principles of conflicts of laws thereto.

---

[1] Documents shall include, but are not limited to, paper documents, videos, emails, electronic records and electronically stored information, which are exclusively within the Debtor's books and records delivered to the Trustee in connection with this case.

10. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original, including any facsimile or counterparts and which, together, shall constitute one and the same instrument and each of which shall be fully binding on the party as a signed original.

11. This Stipulation shall not be effective until approved by a final and non-appealable Order of the Bankruptcy Court.

12. The Parties hereby irrevocable and unconditionally agree that the Bankruptcy Court shall retain exclusive jurisdiction to interpret, implement, and enforce the provisions of this Stipulation.

13. The terms and conditions of the Stipulation shall be immediately effective and enforceable upon its entry.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

[*Signatures appear on following page*]

| | | | |
|---|---|---|---|
| Dated: | New York, New York<br>December 7, 2020 | Dated: | New York, New York<br>December 7, 2020 |
| | **ROSENBERG, MINC,<br>FALKOFF & WOLFF, LLP** | | **KLESTADT WINTERS JURELLER<br>SOUTHARD & STEVENS, LLP** |
| By: | */s/ Arthur O. Tisi*<br>Arthur O. Tisi<br>122 East 42nd Street – Suite 3800<br>New York, New York 10168<br>Tel: (212) 697-9280<br>Fax: (212) 697-9284<br>Email: atisi@rmfwlaw.com | By: | */s/ Kathleen M. Aiello*<br>Fred Stevens<br>Kathleen M. Aiello<br>200 West 41st Street, 17th Floor<br>New York, New York 10036<br>Tel: (212) 972-3000<br>Fax: (212) 972-2245<br>Email: fstevens@klestadt.com<br>        kaiello@klestadt.com |
| | *Counsel to Creditor Anna Strasser* | | *Counsel to Yann Geron, Chapter 7<br>   Trustee* |

**SO ORDERED.**

Dated: December 7, 2020
        New York, New York

                                          **/s/ Martin Glenn**
                                         MARTIN GLENN
                              United States Bankruptcy Judge