**ROSEN & ASSOCIATES, P.C.**
*Counsel to Eight-115 Associates, LLC*
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Paris Gyparakis

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>EIGHT-115 ASSOCIATES, LLC,<br><br>                       Debtor. | Chapter 7<br><br>Case No. 20–11812 (MG) |

## NOTICE OF AMENDEMENT TO SCHEDULE A/B: ASSETS

**PLEASE TAKE NOTICE** that on September 4, 2020, Eight-115 Associates, LLC (the "**Debtor**") filed its *Schedules of Assets and Liabilities* and *Statement of Financial Affairs* [Doc. No. 14].

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 1009(a) of the Federal Rules of Bankruptcy Procedure, the Debtor hereby amends *Schedule A/B,* Part 1, Question 3, to add its interest in Signature Bank Checking Account (ending **2500), a copy of which is transmitted herewith.

Dated: New York, New York
       February 5, 2021

                                          **ROSEN & ASSOCIATES, P.C.**
                                          *Counsel to Eight-115 Associates, LLC*

                                          By: /s/ *Sanford P. Rosen*
                                                Sanford P. Rosen
                                                Paris Gyparakis

                                          747 Third Avenue
                                          New York, NY 10017-2803
                                          (212) 223-1100

# Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:**    **Cash and cash equivalents**

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ■ Yes Fill in the information below.

   **All cash or cash equivalents owned or controlled by the debtor**      **Current value of debtor's interest**

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

   | | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
   |---|---|---|---|---|
   | 3.1. | Signature Bank | Checking | 4209 | $47,904.66 |
   | 3.2. | Signature Bank | Checking | 2500 | $1,685.56 |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**      **$49,590.22**
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

Debtor  **Eight-115 Associates, LLC**　　　　　　　　　　　　　　　Case number *(If known)* **20-11812 (MG)**
　　　　Name

## Part 12:　Summary

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---:|---:|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $49,590.22 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $80,345.13 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $750.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*......................> | | $10,500,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $1,051,037.75 | |
| 91. **Total.** Add lines 80 through 90 for each column | $1,181,723.10　+ 91b. | $10,500,000.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $11,681,723.10 |

Official Form 206A/B　　　　Schedule A/B Assets - Real and Personal Property

## United States Bankruptcy Court
### Southern District of New York

In re  **Eight-115 Associates, LLC**　　　　　　　　　　　　　　　Case No.  **20-11812 (MG)**
　　　　　　　　　　　　　Debtor(s)　　　　　　　　　　　　　　　Chapter  **7**

# DECLARATION CONCERNING DEBTOR'S AMENDED SCHEDULES

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

　　　　I, Stanley Jules Reifer, General Partner of Lincoln 95 Associates, L.P., sole member of the above-captioned debtor, declare under penalty of perjury that I have read the foregoing amendment to *Schedule A/B: Assets* consisting of __2__ page(s), and that they are true and correct to the best of my knowledge, information, and belief.

Date  **February 5, 2021**　　　　　　　　Signature  **/s/ Stanley Jules Reifer**
　　　　　　　　　　　　　　　　　　　　　　　　　　**Stanley Jules Reifer**
　　　　　　　　　　　　　　　　　　　　　　　　　　**General Partner of Lincoln 95 Associates, L.P.**

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.