UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                                          :
                                                               :    Chapter 7
EIGHT-115 ASSOCIATES, LLC,                                     :
                                                               :    Case No. 20-11812 (MG)
                              Debtor.                          :
-----------------------------------------------------------------x

**ORDER, PURSUANT TO 11 U.S.C. §§ 105(A), 363(B), (F), AND (M), AND 365, AND RULES 2002, 6004 AND 6006 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE: (i) CONFIRMING THE RESULTS OF THE AUCTION AND SALE PROCESS; (ii) AUTHORIZING THE TRUSTEE TO CONSUMMATE A SALE OF THE REAL PROPERTY WITH THE SUCCESSFUL PURCHASER OR THE BACKUP BIDDER; (iii) AUTHORIZING THE TRUSTEE TO MAKE CERTAIN DISBURSEMENTS IN CONNECTION WITH OR FOLLOWING THE CLOSING ON THE SALE OF THE REAL PROPERTY; AND (iv) GRANTING RELATED RELIEF[1]**

Upon the motion of Yann Geron, as chapter 7 trustee (the "Trustee") of Eight-115 Associates, LLC, the above-captioned debtor (the "Debtor"), pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 2002, 6004, and 6006 (the "Bankruptcy Rules"), (i) confirming the results of the Auction and Process,[2] (ii) authorizing the Trustee to consummate a sale of the Real Property with the Successful Purchaser or the Backup Bidder; (iii) authorizing the Trustee to make certain disbursements in connection with or following the closing on the sale of the Real Property; and (iv) granting related relief (the "Sale Motion") [ECF No. 63]; and upon the Order, pursuant to sections 105(a), 363, and 365 title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

---

[1] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact when appropriate. *See* FED. R. BANKR. P. 7052.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Sale Motion or the Terms of Sale (as defined below).

1

Rules 2002-1, 6004-1, 6006-1 and 9006-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"): (a) approving the Stalking Horse Agreement, dated June 30, 2021, between the Trustee and Harlem Multifamily LLC (the "Lender" or the "Stalking Horse Purchaser"), pursuant to which the Trustee agreed to sell the Real Property (defined below) to Lender, subject to higher and better offers (the "Stalking Horse Agreement"); (b) authorizing the Trustee to conduct the proposed auction and sale process (the "Auction and Sale Process") and any sale resulting from the Auction and Sale Process, being referred to herein a "Sale"), of the estate's interest in six parcels of real property located at: (i) 264 West 115th Street, New York, NY 10026 (Section 7, Block 1830, Lot 53) (10 Units); (ii) 276 West 115th Street, New York, NY 10026 (Section 7, Block 1830, Lot 59) (8 Units); (iii) 278 West 115th Street, New York, New York 10026 10026 (Section 7, Block 1830, Lot 60) (10 units); (iv) 2120 Frederick Douglass Boulevard, New York, NY 10026 (Section 7, Block 1830, Lot 643) (9 Units); (v) 2122 Frederick Douglass Boulevard, New York, NY 10026 (Section 7, Block 1830, Lot 163) (9 Units); and (vi) 2124 Frederick Douglass Boulevard, New York, NY 10026 (Section 7, Block 1830, Lot 63) (9 Units) (collectively, the "Real Property"), free and clear of all liens, claims, encumbrances and interests (the "Liens"), but subject to (a) the approximate 57 residential and 3 commercial leases for real property (collectively, the "Leases") then in effect on the date of the closing on the sale of the Real Property, and (b) if the Successful Purchaser (defined below) and the Lender agree, in their sole discretion, subject to the Mortgages[3] of the Lender, through an Auction and Sale Process

---

[3] The term "Mortgages" as used herein shall have the meaning of the term "Mortgages" in that certain Stipulation And Order, pursuant To Bankruptcy Rule 9019 and Sections 105, 362, 363, 364, and 502 of the Bankruptcy Code, which, among other things, allowed the Lender's secured claims as a first priority and unavoidable secured claim in the sum of $11 million as of the August 31, 2020, plus additional amounts for default interest, protective advances by Lender, attorneys' fees and other amounts as set forth therein, which shall be due and payable at the closing on the sale of the Real Property, and authorized the Lender to credit bid at any auction sale of the Real Property, which stipulation was so-ordered by this Court on January 20, 2021 (ECF No. 49)(such stipulation and order is referred to herein as the "Lender Stipulation").

2

pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code"); (c) approving the proposed bidding procedures as set forth in the Terms and Conditions of Bankruptcy Sale Pursuant to a Virtual Auction (the "Terms of Sale"), to solicit competing, qualified bids and to conduct a public auction of the Real Property (the "Auction"); (d) approving the form, manner and extent of notice (the "Auction and Sale Notice"); (e) scheduling a hearing to confirm the results of the Auction and Sale Process (the "Sale Confirmation Hearing"); and (f) granting such other and further relief as this Court deems just and proper under the circumstances (the "Bidding Procedures Order") [ECF No. 68]; and it appearing that due and appropriate notice of the Sale Motion, the Bidding Procedures Order, the Terms of Sale, and the Sale Confirmation Hearing having been given; and it appearing that no other notice of the relief granted by this Order need be given; and the Court having conducted a hearing on the Sale Motion on September 13, 2021 (the "Sale Confirmation Hearing") at which time all interested parties were offered an opportunity to be heard with respect to the Sale Motion and the results of the Auction; and the Trustee having conducted a marketing process in compliance with the Bidding Procedures Order and determined that the Successful Purchaser has submitted the highest and best bid for the Real Property, as more specifically described in the Terms of Sale between the Trustee and the Successful Purchaser, dated as of September 10, 2021 (the "Final Terms of Sale")[4]; and all parties in interest having been heard, or having had the opportunity to be heard, regarding entry of this Order and approval of (i) the sale of the Real Property to the Successful Purchaser; and (ii) the Final Terms of Sale; and the Trustee having filed a Notice of Auction and Sale Results identifying Avi Dishi, as the Successful

---

[4] A copy of the executed Final Terms of Sale is attached hereto as **Exhibit A**.

3

Purchaser (the "Successful Purchaser"[5]) and Jonathan Leifer as the Backup Bidder (the "Backup Bidder") designated at the Auction held on September 10, 2021; and this Court being fully advised; and this Court, based upon the arguments, testimony and evidence presented to it, hereby makes the following findings of fact and conclusions of law:

    A.    This Court has jurisdiction to hear and determine the Sale Motion and to grant the relief requested in the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    B.    This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

    C.    This proceeding is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(A), (N) and (O).

    D.    The statutory predicates for the Motion are sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006.

    E.    As evidenced by the affidavits of service filed with the Court, and based upon the representations of counsel at the Sale Confirmation Hearing, (i) proper, timely and adequate notice of the Sale Motion, the Terms of Sale, the Bidding Procedures Order, the Sale Confirmation Hearing, the Auction and Sale Process, and the Auction and Sale Notice as approved herein has been provided in accordance with Bankruptcy Rules 2002, 6004, and 6006, (ii) such notice was

---

[5] At the closing of the sale of the Real Property, Avi Dishi may elect that the deed to the Real Property be transferred by the Trustee to an entity to be designated by Avi Dishi, and upon the Trustee's delivery of such deed such designated entity shall become the Successful Purchaser.

4

good, sufficient and appropriate under the circumstances and (iii) no other or further notice of the Sale Motion, the Terms of Sale, the Bidding Procedures Order, the Sale Confirmation Hearing, and the Auction and Sale Process is necessary or shall be required.

      F.      A reasonable opportunity to object or be heard with respect to the Sale Motion and the Auction and Sale Process has been afforded to all interested persons and entities, including, without limitation: (i) the U.S. Trustee, (ii) counsel for the Lender, (iii) the Debtor's creditors, (iv) parties to the Leases; and (v) all other parties who filed requests for notice under Bankruptcy Rule 2002 in this case.

      G.      Notice, as specified in the preceding paragraph and as evidenced by the affidavits of service filed with the Court, has been provided in the form and manner specified in the Sale Motion and required by the Bidding Procedures Order, and such notice is reasonable and adequate.

      H.      The Auction and Sale Process was duly conducted on September 10, 2021 via Zoom and the Maltz Auction proprietary online bidding platform (with bidding available via mobile application or desktop bidding) in accordance with the Bidding Procedures Order. The Qualified Bidders at the Auction were Harlem Multifamily LLC, Sonny Tran, Avi Dishi, Jonathan Leifer and Victor Sismanoglou. None of the Qualified Bidders who participated in the Auction, including the Lender, was aware of the identities of the other Qualified Bidders before and during the entire Auction. The competitive bidding process achieved a total of thirty-one (31) bids during the Auction.

      I.      At the conclusion of the Auction, Avi Dishi was declared by the Trustee to be the Successful Purchaser, as the Trustee determined that Avi Dishi submitted the highest and best proposal for the Real Property. The Auction and Sale Process was conducted in a non-collusive,

fair and good faith manner and a reasonable opportunity has been given to any interested party to make a higher and better offer for the Real Property.

        J.        The Successful Purchaser is purchasing the Real Property in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is therefore entitled to the protection of that provision.

        K.        The Final Terms of Sale was negotiated, proposed and entered into by the Trustee and the Successful Purchaser without collusion, in good faith and from arms' length bargaining positions. Neither the Trustee nor the Successful Purchaser have engaged in any conduct that would cause or permit the Sale or any part of the transactions contemplated by the Final Terms of Sale to be avoidable under section 363(n) of the Bankruptcy Code.

        L.        As demonstrated by the record established at the Sale Confirmation Hearing, including the Declaration of Yann Geron in Support of Chapter 7 Trustee's Motion to Sell the Debtor's Real Property, dated September 13, 2021 [ECF No. 77] (the "<u>Trustee Declaration</u>"), which is fully incorporated herein, the Trustee afforded all interested potential bidders a full and fair opportunity to qualify as Qualified Bidders under the Bidding Procedures and to submit a Bid for the Real Property.

        M.        The Successful Purchaser is not an "insider" of the Debtor as that term is defined in section 101(31) of the Bankruptcy Code.

        N.        The consideration provided by the Successful Purchaser for the Real Property pursuant to the Final Terms of Sale (i) is fair and reasonable and represents the fair market value of the Real Property, (ii) is the highest and best offer for the Property, (iii) will provide a greater recovery for all of the Debtor's stakeholders than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under

the Bankruptcy Code, the Uniform Fraudulent Transfer Act, New York State Debtor Creditor Law and all other applicable laws.

O.  The Trustee has demonstrated a sufficient basis and compelling circumstances requiring the Trustee to enter into the Final Terms of Sale and sell the Real Property under section 363 of the Bankruptcy Code, and such actions are appropriate exercises of the Trustee's business judgment and are in the best interests of the Debtor, the estate, and its creditors.

P.  The marketing and bidding processes implemented by the Trustee and his advisors, as set forth in the Sale Motion, and as more fully set forth in the Declaration of Richard Maltz in Support of Chapter 7 Trustee's Motion to Sell the Debtor's Real Property, dated September 10, 2021 [ECF No. 75] (the "Maltz Declaration") and the Declaration of Ian Brooks in Support of Chapter 7 Trustee's Motion to Sell the Debtor's Real Property, dated September 10, 2021 [ECF No. 76] (the "Brooks Declaration")  were extensive, fair, proper, and reasonably calculated to result in the highest and best value that could be received for the Real Property. The Brokers began their collective efforts to market the Real Property for potential buyers on April 5, 2021 and such efforts continued through and including the date of the Auction, i.e. September 10, 2021.

Q.  As set forth in the Maltz Declaration and the Brooks Declaration, the Brokers marketed the Real Property through the following means:

> a. Online marketing on numerous web sites, including the Brokers' websites, real estate listing services (LoopNet, CoStar, CREXI and Brevitas), and social media channels including Twitter, Instagram and Facebook;
> b. Additional online marketing was conducted via banner ads and email blasts on The Real Deal and New York Real Estate Journal;
> c. Print marketing was placed in targeted publications, including the New York Times, Real Estate Weekly, New York Real Estate Journal, and Long Island Business News;
> d. Mailed out in excess of 7,000 multi-property brochures marketing the Real Property;
> e. Conducted multiple email blasts to over 45,000 investors from the Brokers' database;

7

   f. Directed marketing efforts to a vast number of investors, including family offices, syndicators, local, regional, national and international, distressed asset and institutional investors. The marketing also extended to local, regional, national and international bankruptcy attorneys and multi-family investors; and

   g. Contacted interested parties, disseminated marketing information, answered questions, promoted tours and otherwise discussed the sale with a wide array of prospects.

  R. As a result of these efforts, a total of 154 prospects executed non-disclosure agreements and 17 tours of the Real Property were conducted.

  S. The Trustee has full authority and power to execute and deliver the Final Terms of Sale and related agreements and all other documents contemplated by the Final Terms of Sale, to perform his obligations thereunder and to consummate the Sale. Except as set forth in the Final Terms of Sale, no additional consents or approvals are necessary or required for the Trustee to enter into the Final Terms of Sale, perform his obligations thereunder and consummate the Sale.

  T. The Successful Purchaser would not have entered into the Final Terms of Sale and would not consummate the Sale, thus adversely affecting the Debtor, the estate, and its creditors, if the Real Property were not sold to it free and clear of all Liens or if the Successful Purchaser would, or in the future could, be liable for any Liens against the Real Property.

  U. Selling the Real Property other than free and clear of any and all liens, claims (as defined in section 101(5) of the Bankruptcy Code), security interests, mortgages, encumbrances, obligations, including charges against or interests in the Real Property, adverse claims, claims of possession, rights of way, licenses, easements or restrictions of any kind, demands, guarantees, actions, suits, defenses, deposits, credits, allowances, options, rights, restrictions, limitations, contractual commitments, rights of first refusal, rights of setoff or recoupment, or interests of any kind or nature whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or

subsequent to the commencement of this chapter 7 case, whether imposed by agreement, understanding, law, equity or otherwise, subject to applicable law, including section 363 of the Bankruptcy Code (collectively, the "Liens") would adversely impact the Debtor's estate, and the sale of the Real Property other than as free and clear of all Liens would be of substantially less value to the Debtor's estate.

V. The provisions of section 363(f) of the Bankruptcy Code have been satisfied. All holders of Liens, if any, who did not object, or withdrew their objections to the Sale, have either consented or are deemed to have consented to the Sale of the Real Property.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, EFFECTIVE IMMEDIATELY, AS FOLLOWS:**

1. The relief requested in the Sale Motion is granted and approved as set forth herein. The Trustee's entry into the Final Terms of Sale and the Sale of the Real Property is hereby approved as set forth herein. Except as may be expressly provided herein, objections to the relief sought in the Sale Motion that have not been previously resolved or withdrawn are hereby overruled on their merits.

2. The Trustee is authorized and directed to take any and all actions necessary or appropriate to (a) consummate the Sale of the Real Property in accordance with the Sale Motion, the Final Terms of Sale and this Order, and (b) perform, consummate, implement and close fully the Sale of the Real Property, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Final Terms of Sale including, without limitation, consenting to the assignment by the Successful Purchaser of any of its rights under or relating to the Final Terms of Sale.

3. Those holders of Liens and other non-Debtor parties who did not object, or who withdrew their objections to entry of this Order, the Sale Motion, the Bidding Procedures Order, the Auction and Sale Process, the Sale Confirmation Hearing, the Sale of the Real Property and the Final Terms of Sale are deemed to have consented to this Order, the Bidding Procedures Order, the Auction and Sale Process, the Sale of the Real Property and the Final Terms of Sale pursuant to section 363(f)(2) of the Bankruptcy Code and are enjoined from taking any action against the Successful Purchaser, its successors, its assigns, its representatives, its affiliates, its properties, or any agent of the foregoing to recover any claim which such person or entity has against the Debtor or any of its affiliates or any of the Debtor's property. Those holders of Liens and other non-Debtor parties who did object, if any, fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Liens, if any, attach to the proceeds of the Sale ultimately attributable to the Real Property against or in which they assert a Lien and/or by having their Liens satisfied from the proceeds of the Sale at Closing.

4. Notwithstanding anything to the contrary in this Order or otherwise, if the Successful Purchaser and the Lender agree, each in their sole discretion, the Sale of the Real Property to the Successful Purchaser shall be subject to the Mortgages of the Lender and the Mortgages shall remain in effect. Such agreement shall be conclusively evidenced if the Lender executes an assignment of the Mortgages to Successful Purchaser (or a designee of the Successful Purchaser) as Assignee.

**Sale and Transfer of the Property**

5.Upon Closing, the Real Property transferred, sold and delivered to the Successful Purchaser shall be free and clear of all Liens of any person or entity, except as provided in paragraph 4 above.  The transfer of the Real Property to the Successful Purchaser constitutes a legal, valid and effective transfer of the Real Property and shall vest the Successful Purchaser with all right, title and interest in and to the Real Property, except as provided in paragraph 4 above.

6.Upon Closing of the Sale of the Real Property, this Order shall be construed as, and shall constitute for any and all purposes, a full and complete general assignment, conveyance and transfer of the Real Property pursuant to the terms of the Final Terms of Sale.

7.Effective on the Closing, all entities, including, but not limited to, the Debtor, creditors, employees, former employees and shareholders, administrative agencies, tax and regulatory authorities, governmental departments, secretaries of state, federal, state and local officials, and their respective successors or assigns, including, but not limited to, persons asserting any Claims or Encumbrance against the Debtor's assets, shall be permanently and forever barred, restrained and enjoined from commencing or continuing in any manner any action or other proceeding of any kind against the Real Property or the Successful Purchaser (or its successors, assigns, agents or representatives) as alleged successor or otherwise with respect to any Liens on or in respect of the Real Property.

8.Each and every term and provision of the Final Terms of Sale, together with the terms and provisions of this Order, shall be binding in all respects upon all entities, including, but not limited to the Debtor, the Successful Purchaser, creditors, employees, former employees and shareholders, administrative agencies, governmental departments, secretaries of state, federal, state and local officials and their respective successors or assigns, including but not limited to

persons asserting any Claim or Encumbrance against or interest in the Debtor's estate or the Debtor's assets, including any subsequent appointment of a trustee or other fiduciary under any section of the Bankruptcy Code.

9. Except as otherwise provided in paragraph 4, upon the Closing, all entities holding Liens of any kind and nature against the Debtor's assets hereby are barred from asserting such Liens against the Successful Purchaser (or its successors, assigns, agents or representatives) and/or the Real Property and, effective upon the transfer of the Real Property to the Successful Purchaser upon Closing, the Liens (except as otherwise provided in paragraph 4),shall attach to the proceeds of the Sale with the same force, validity, priority and effect, if any, as against the Debtor's assets.

10. Except as otherwise provided in paragraph 4, this Order (a) is and shall be effective as a determination that, upon Closing, all Liens existing as to the Debtor's assets conveyed to the Successful Purchaser have been and hereby are adjudged to be unconditionally released, discharged and terminated, with all such Liens attaching automatically the proceeds in the same manner and priority, and (b) shall be binding upon and govern the acts of all entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Debtor's assets conveyed to the Successful Purchaser. Except as otherwise provided in paragraph 4, all Liens of record as of the date of this Order shall be deemed to be removed and stricken as against the Real Property in accordance with the foregoing. Except as otherwise provided in paragraph 4, all entities are authorized and

specifically directed to strike all such recorded Liens against the Real Property from their records, official or otherwise.

11. If any person or entity which has filed financing statements, mortgages, *lis pendens* or other documents or agreements evidencing Liens on the Real Property shall not have delivered to the Trustee prior to closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements and any other documents necessary for the purpose of documenting the release of all Liens which the person or entity has or may assert with respect to the Real Property, the Trustee is hereby authorized and directed upon closing, and the Successful Purchaser is hereby authorized upon closing, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Real Property. Except as otherwise provided in paragraph 4, upon closing of the Sale of the Real Property, each of the Debtor's creditors is authorized and directed to execute such documents and take all such actions as may be necessary to release their respective Liens against the Real Property.

12. Upon closing, the Successful Purchaser (or its successors, assigns, agents or representatives) shall not be deemed to be (a) a successor to the Debtor, (b) *de facto* merged with the Debtor or (c) a mere continuation of the Debtor. Without limiting the generality of the foregoing, and except as specifically provided in the Final Terms of Sale, the Successful Purchaser (or its successors, assigns, agents or representatives) shall not be liable for any claims against the Trustee, the Debtor or any of its predecessors or affiliates or assets, other than as expressly provided for in the Final Terms of Sale and/or in this Order.

13. The Lender shall have a first priority lien on any and all contract rights and/or proceeds of any kind or nature arising from the Auction and/or Sale or potential Sale of the Real

Property, including, without limitation, any right of the Trustee and the Debtor's estate to any deposits, fees and other amounts paid by any person in connection with the Auction and the Sale or potential Sale of the Real property.

14. Promptly following the Closing, the Trustee is authorized and directed to satisfy the agreed amount of the Debtor's outstanding secured indebtedness to Harlem Multifamily LLC (i.e. Lender), from any proceeds of Sale, potential Sale or otherwise, unless otherwise agreed by Lender.

15. Promptly following the Closing, the Trustee is authorized and directed to pay fifty percent (50%) of the Buyer's Premium to each of the Brokers.

### Additional Provisions

16. The provisions of this Order and the Final Terms of Sale and any actions taken pursuant hereto or thereto shall survive entry of any order which may be entered (a) dismissing the Debtor's bankruptcy case; or (d) appointing an examiner or successor trustee, and the terms and provisions of the Final Terms of Sale as well as the rights and interests granted pursuant to this Order and the Final Terms of Sale shall continue in this or any superseding case and shall be binding upon the Debtor, the Successful Purchaser, and their respective successors and permitted assigns.

17. Each and every federal, state, and governmental agency or department and any other person or entity is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Final Terms of Sale.

18. Nothing contained in any order of any type or kind entered in this chapter 7 case or any related proceeding subsequent to entry of this Order, shall conflict with or derogate from the provisions of the Final Terms of Sale or the terms of this Order.

19. Nothing contained in this Order shall limit or impair any of Lender's rights under the Lender Stipulation.

20. To the extent, if any, anything contained in this Order conflicts with a provision in the Final Terms of Sale, this Order shall govern and control.

21. The Successful Purchaser is purchasing the Real Property in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is therefore entitled to the protection of that provision. The consideration provided by the Successful Purchaser for the Real Property is fair and reasonable, and the Sale may not be avoided under section 363(n) of the Bankruptcy Code.

22. This Court retains jurisdiction to (a) interpret, implement and enforce the terms and provisions of this Order (including any injunctive relief provided in this Order) and the terms of the Final Terms of Sale, all amendments thereto and any waivers and consents thereunder and of each of the agreements executed in connection therewith; (b) protect the Successful Purchaser (and its successors, assigns, agents and representatives) and the Real Property from and against any of the Liens; (c) resolve any disputes arising under or related to the Final Terms of Sale or the Sale of the Real Property; (d) adjudicate all issues concerning (alleged) pre-Closing Liens and any other (alleged) interest(s) in and to the Debtor's assets, including the extent, validity, enforceability, priority and nature of all such (alleged) Liens and any other (alleged) interest(s); and (e) adjudicate any and all issues and/or disputes relating to the Debtor's right, title or interest in the Debtor's assets, the Sale Motion and/or the Final Terms of Sale.

23. This Order and the Final Terms of Sale shall be binding in all respects upon all creditors (whether known or unknown) of the Debtor, all successors and assigns of the Successful Purchaser, the Trustee and his retained professionals, the Debtor's assets, and any subsequent

trustees appointed in the Debtor's chapter 7 case or upon dismissal of the Debtor's bankruptcy case.

24. The failure specifically to include any particular provisions of the Final Terms of Sale in this Order shall not diminish or impair the efficacy of such provisions, it being the intent of the Court that the Final Terms of Sale and each and every provision, term and condition thereof be, and therefore is, authorized and approved in its entirety.

25. The provisions of this Order are non-severable and mutually dependent.

26. The automatic stay of section 362(a) of the Bankruptcy Code shall not apply to and otherwise shall not prevent the exercise or performance by any party of its rights or obligations under the Final Terms of Sale, including, without limitation, with respect to any cash held in escrow pursuant to the provisions thereof.

27. This Sale Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 6004(g), 6004(h), 6006(d), 7062, or otherwise.

**IT IS SO ORDERED.**

Dated:  September 13, 2021
        New York, New York

                                                     **/s/ Martin Glenn**
                                                     MARTIN GLENN
                                     United States Bankruptcy Judge