**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Kathleen Aiello

*Counsel to Yann Geron, Chapter 7 Trustee*

**Objection and Bid Deadline:**
   **December 2, 2025 at 5:00 p.m. (ET)**

**Reply Deadline (as needed):**
   **December 9, 2025 at 5:00 p.m. (ET)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------x
In re                    :                  
                                :        Chapter 7
EIGHT-115 ASSOCIATES, LLC,   :
                                :        Case No. 20-11812 (MG)
           Debtor.    :
--------------------------------------------------------x

### CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER, PURSUANT TO 11 U.S.C. § 363(b), AUTHORIZING THE TRUSTEE TO SELL AND ASSIGN THE ESTATE'S RIGHT, TITLE, AND INTEREST IN AND TO RECOVERIES FROM CERTAIN CLAIMS AS SET FORTH IN A STIPULATION BETWEEN THE TRUSTEE AND HARLEM MULTIFAMILY LLC, TO SM FINANCIAL SERVICES CORPORATION, SUBJECT TO <u>HIGHER OR BETTER OFFERS</u>

**TO THE HONORABLE MARTIN GLENN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Yann Geron, as Chapter 7 trustee (the "<u>Trustee</u>") of the estate (the "<u>Estate</u>") of Eight-115

Associates, LLC (the "<u>Debtor</u>"), by his counsel, Klestadt Winters Jureller Southard & Stevens,

LLP, submits this motion (the "<u>Motion</u>") seeking an order of the Court, authorizing him to sell

and/or assign all the Estate's right, title, and interest in and to recoveries from certain claims set

forth in that certain *Stipulation and Order, Pursuant to Bankruptcy Rule 9019 and Sections 105,*

*362, 363, 364, and 502 of the Bankruptcy Code, (I) Settling and Allowing the Claims of Harlem*

*Multifamily LLC; (II) Determining Harlem Multifamily LLC has First Priority Liens on the*

*Debtor's Property; (III) Directing the Sale of the Debtor's Property; and (IV) Granting Related*

1

*Relief* [ECF No. 49] (the "Carve Out Stipulation"), between the Trustee and Harlem Multifamily LLC ("HMF") to SM Financial Services Corporation ("SM Financial" or the "Stalking Horse Purchaser") for $10,000 ("Stalking Horse Bid"), pursuant to 11 U.S.C. § 363(b), subject to higher or better offers (the "Sale") and in accordance with the proposed bid procedures set forth herein, and respectfully represents as follows:

## PRELIMINARY STATEMENT

The Debtor's Estate has been open for five years.  The Trustee sold the Debtor's real property in October 2021 and resolved and finalized the Estate's direct litigation claims against all third parties by March 2024.  Since that time, the only remaining asset in the Estate requiring liquidation has been the Estate's interest in any recovery from certain litigation claims the Debtor's lender, HMF, pursued against one of the Debtor's former principals and the guarantor of HMF's pre-petition loans to the Debtor.  The Estate's interest was granted by HMF to the Estate pursuant to the Carve Out Stipulation executed by the Trustee and HMF and subsequently approved by this Court in January 2021.  In relevant part, the Carve Out Stipulation provides that the Estate is entitled to 15% of the recovery from the Deficiency Claim (later defined) net of HMF's legal fees and expenses (*i.e.,* Estate Recovery of Reifer Deficiency Claim (later defined)).

Following the Trustee's sale of the Debtor's Real Property (defined below) and the Trustee's distribution to HMF from the sale proceeds, the Deficiency Claim against Daniel Reifer, as the guarantor of HMF's loans to the Debtor, was established.  Since that time, HMF has pursued recovery of the Deficiency Claim against Daniel Reifer in the New York State Court Action (defined below), against whom it obtained a nearly $6 million judgment.  Daniel Reifer later appealed that judgment and the Appeal (later defined) is still pending with the Appellate

Court (defined below).  A decision on the Appeal may not be rendered for some time.  And even if the Appellate Court decides the Appeal in favor of HMF, then HMF still needs to take steps to enforce the Judgment against Daniel Reifer and to liquidate the Judgment so the Debtor's Estate can be paid its allocable share in accordance with the Carve Out Stipulation.

The Trustee has waited a long time for progress with respect to the Estate's potential recovery of its portion of HMF's claims against Daniel Reifer.  Even five years after the Carve Out Stipulation was approved by this Court, the timing, amount and likelihood of the Estate's recovery of the fifteen percent (15%) net recovery from the Deficiency Claim against Daniel Reifer remains speculative.  The Trustee has kept the Estate open while he awaits potential recovery from the liquidation of this asset – a process over which he has little or no control.

The Trustee has weighed the Estate's potential recovery of its portion of HMF's Deficiency Claim against Daniel Reifer against the benefits of closing this case and achieving finality for the Estate and its creditors.  He determined that selling the Estate's interest in the recovery resulting from the HMF Claims Against Reifer and proceeding to close this case is in the best interest of the Estate. Accordingly, the Trustee is proposing to sell the Estate's interest in any recovery resulting from HMF's claims against Daniel Reifer to SM Financial for $10,000, or to the highest or best bidder that results from the sale process proposed herein.

Bids will be considered if (i) submitted by the response deadline to this Motion, (ii) are for cash in an amount not less than $12,500, and (iii) otherwise deemed to be "qualified" because they comply with the Trustee's proposed procedures as set forth herein.  If there is more than one qualified bid, the Trustee will endeavor to determine the highest bid prior to the Court's consideration or approval of the Motion.

Based upon the foregoing and as further set forth below, the Trustee respectfully requests that the Motion be granted, and the Court enter an order in substantially the same form as the one annexed hereto as **Exhibit A**, approving the Trustee's sale of the Estate Recovery of Reifer Deficiency Claim to SM Financial for $10,000, subject to higher or better offers the Trustee may elicit in the proposed sale process set forth herein, for which the Trustee also seeks Court approval (the "Sale Order").

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue of this proceeding and this Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The predicate for the relief requested herein is 11 U.S.C. 363(b).

## BACKGROUND

4.      On August 6, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), commencing the above-captioned bankruptcy case (the "Bankruptcy Case").

5.      On August 7, 2020, Yann Geron was appointed interim trustee of the Debtor's estate and he thereafter qualified and is currently serving as permanent trustee herein.

6.      Prior to the Petition Date, the Debtor was the owner of six parcels of real property located in Manhattan (collectively, the "Real Property").

4

7.     Prior to the Petition Date, HMF was the mortgagee, by assignment from Signature Bank, of a first and second mortgage (together, the "Mortgages") with respect to the Real Property.

8.     Daniel Reifer, the guarantor (the "Guarantor"), guaranteed the Mortgages with Signature Bank, which was also assigned to HMF, pursuant to a First Loan Guaranty, dated November 25, 2014, and a Second Loan Guaranty, dated November 4, 2016 (together, the "Guaranties").

9.     Prior to the Petition Date, on January 22, 2020, HMF commenced an action in the New York State Supreme Court in the County of New York (the "State Court") under Index No. 850009/2020 (the "HMF State Court Action"), by filing a summons and verified complaint against, among others, the Debtor and the Guarantor, seeking to, among other things, foreclose on the Real Property and recover from the Guarantor under the Guaranties any deficiency of the debt remaining unsatisfied after a sale of the Real Property.  HMF's complaint was thereafter amended pursuant to an Amended Verified Complaint in a Foreclosure Action dated and filed in the State Court on March 12, 2020 (the "Foreclosure Complaint").

10.    The HMF State Court Action was stayed solely against the Debtor by virtue of the Debtor's bankruptcy filing pursuant to Section 362 of the Bankruptcy Code.  The Guarantor did not file for bankruptcy, so the HMF State Court Action continued as against Daniel Reifer.

11.    Following the Petition Date, the Trustee and HMF entered into that certain *Stipulation and Order, Pursuant to Bankruptcy Rule 9019 and Sections 105, 362, 363, 364, and 502 of the Bankruptcy Code, (I) Settling and Allowing the Claims of Harlem Multifamily LLC; (II) Determining Harlem Multifamily LLC has First Priority Liens on the Debtor's Property; (III) Directing the Sale of the Debtor's Real Property; and (IV) Granting Related Relief*, which

was "so-ordered" by the Bankruptcy Court on January 20, 2021 [ECF No. 49] (the "Carve Out

Stipulation").

12.    Pursuant to the Carve Out Stipulation, HMF authorized the Trustee to sell the

Real Property and to carve out certain expenses for the Trustee's liquidation of the Real

Property.  In relevant part, the Trustee and HMF also agreed:

In the event that the Sale Proceeds of Real Property are not sufficient to pay the Lender's
Allowed Claim in full, then the Lender shall automatically have a deficiency claim (the
"Deficiency Claim") under the Loan Documents in the amount equal to the sum of:

(i)    the amount of the Lender's Allowed Claim on the date of the Lender's receipt of
the Lender Payment; **PLUS**

(ii)    any Claim Additions; **PLUS**

(iii)    any amount of Sale Proceeds required to be paid to NYC under Paragraph 22
below; **PLUS**

(iv)    the amount of the Lender Cash Component, if the Lender (or its assignee or
designee) is the purchaser of the Real Property and such amount was paid to the
Trustee; **LESS**

(v)    the amount of the Lender Payment; **LESS** (but, if and only if the Lender or its
assignee or designee is the purchaser of the Real Property and made a Lender
Credit Bid)

(vi)    (A) if the Lender Bid Cash Component was paid to the Trustee, the amount of the
Resulting Credit Bid, or (B) if no Lender Bid Cash Component was paid to the
Trustee, the amount of the actual Lender Credit Bid.

The Deficiency Claim shall be an allowed claim. *See* Carve Out Stipulation at ¶ 16.

13.    The Carve Out Stipulation further provided for a portion of HMF's recovery from

Daniel Reifer on account of the Deficiency Claim, net of fees and expenses, would be

recoverable by the Trustee for the benefit of the estate (the "Estate Recovery of Reifer

Deficiency Claim").  In relevant part, the Carve Out Stipulation provides, "[t]o the extent that the

Lender pursues its Deficiency Claim against Daniel Reifer or any of the other Daniel Reifer

Related Persons, then the Trustee shall be entitled to fifteen (15%) percent of the net proceeds of

the recovery on those claims after payment of all fees and expenses, including, without

limitation, all attorneys' fees and expenses, of the Lender associated with the prosecution and/or

recovery on such claims against Daniel Reifer or the other Daniel Reifer Related Persons." *See* Carve Out Stipulation at ¶ 18(b).

14.     In or around October 2021, the Trustee closed on the sale of the Real Property to a third-party (*i.e.,* not HMF).  The sale of the Real Property resulted in a Deficiency Claim in favor of HMF and against Daniel Reifer, which HMF continued to pursue in the HMF State Court Action against the Guarantor.

15.     On or around January 14, 2024, the State Court entered a judgment against Daniel Reifer in favor of HMF in the HMF State Court Action in the total sum of $5,956,489.15 (the "HMF Judgment against Reifer").

16.     On February 20, 2025, Daniel Reifer filed a Notice of Appeal of the HMF Judgment against Reifer (the "Reifer Appeal") to the Supreme Court of the State of New York, Appellate Division, First Judicial Department (the "Appellate Court").  The Reifer Appeal is still pending today.

17.     The Debtor's Estate has remained open for several years following the Trustee's administration of most of the Estate's known assets, but the case remains open today solely for the purpose of collecting the Estate Recovery of the Reifer Deficiency Claim.  While the amount of the HMF Judgment against Reifer is fixed, the portion of the Estate's recovery, is still dependent upon at least the following factors: (1) the outcome of the Reifer Appeal of the HMF Judgment against Reifer; (2) the amount HMF collects from Daniel Reifer on account of the HMF Judgment against Reifer, if HMF is successful in the Appeal; and (3) the amount of HMF's fees and expenses that would reduce any portion of the Estate's fifteen (15%) percent net recovery from Daniel Reifer.

18.    At this stage, the Trustee has determined that the benefits to the Debtor's Estate in closing this case are more valuable than keeping the Estate open and incurring additional fees awaiting the liquidation of the Estate Recovery of the Reifer Deficiency Claim, which remains speculative as of the date herein. Since the time remaining to determine the certainty and amount of the Estate Recovery of the Reifer Deficiency Claim remains unclear, the Trustee has determined it is better to proceed with an alternative path to liquidating the Estate's interest in this asset.

19.    For these reasons, the Trustee has determined to proceed with a proposed sale and opportunity to bid on the Estate Recovery of the Reifer Deficiency Claim.  The Trustee has already identified the Stalking Horse Purchaser for the Estate Recovery of the Reifer Deficiency Claim and proposes herein to seek this Court's approval of the sale to the Stalking Horse Purchaser, unless the Trustee identifies a higher or better offer through the proposal sale process set forth herein.

## RELIEF REQUESTED

### A.  The Sale of the Estate Recovery of the Reifer Deficiency Claim

20.    First, the Trustee seeks this Court's authority to sell the Estate Recovery of the Reifer Deficiency Claim.

21.    Second, the Trustee seeks authority to sell and assign the Estate Recovery of the Reifer Deficiency Claim to SM Financial, as the Stalking Horse Purchaser, for $10,000, subject to higher and better offers as set forth in the proposed sale process.

22.    The Trustee proposes to sell the Estate Recovery of the Reifer Deficiency Claim pursuant to the following procedures (the "Proposed Sale Procedures")[1]:

---

[1] The Trustee is not seeking approval of the Proposed Sale Procedures prior to the Court's consideration of this

8

- **Bid Deadline**:  The deadline to submit bids for the Estate Claims will be the objection deadline for the Motion, or **December 2, 2025, at 5:00 p.m.** (the "Bid Deadline").

- **Deposit**:  Each prospective bidder must deposit with the Trustee the minimum amount of $12,500 by the Bid Deadline (the "Deposit").  The Deposit will be returned to the bidder upon the earlier of: (i) consummation of the sale of the Estate Recovery of the Reifer Deficiency Claim to another bidder; or (ii) fourteen (14) days after entry of the order authorizing the Trustee's sale of the Estate Recovery of the Reifer Deficiency Claim to another party (the "Irrevocability Period").

- **Required Bid Documents**:  Each bidder must submit to the Trustee by the Bid Deadline: (i) a written offer to purchase the Estate Recovery of the Reifer Deficiency Claim that is for a stated amount of not less than the Deposit, for all cash, on an as-is, where-is basis, with no contingencies, and that is irrevocable until expiration of the Irrevocability Period; and (ii) the Deposit.  If a bidder meets the requirements, it will be designated a "Qualified Bidder" by the Trustee.

- **Determination of Winning Bidder**: If there is more than one Qualified Bidder, the Trustee will endeavor to determine the highest and best bid prior to December 9, 2025, the deadline to reply to any objections to the Motion or competing bids (the "Reply Deadline").  If a highest and best bid cannot be determined or declared prior to the Reply Deadline, or there is a contest regarding who submitted the highest and best bid, the Trustee will request a hearing from the Court to determine the winning Qualified Bidder (the "Purchaser").

- **Closing**:  The Purchaser must pay any difference between its winning bid and the Deposit by no later than seven (7) days after entry of the order (the "Sale Order") confirming the Sale (the "Closing Deadline"), after which the Trustee will immediately furnish an assignment (the "Assignment") of the Estate Recovery of the Reifer Deficiency Claim in substantially the same form as that annexed as Exhibit 1 to the Sale Order.  If the Purchaser fails to make up a difference between its winning bid and the Deposit by the Closing Deadline, the Trustee shall retain the Deposit as liquidated damages and shall consummate a transaction with the next Qualified Bidder, if any, who shall have seven (7) days to complete the transaction.

23.    Section 363(b) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Although section 363 does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, the United States Court of Appeals for the Second Circuit, in applying this section, has

---

Motion and will seek to ratify them to the extent any party submits a compliant offer.

required that it be based upon the sound business judgment of the trustee. *See Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC),* 478 F.3d 452, 466 (2d Cir. 2007) (quoting *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063, 1071 (2d Cir. 1983)); *Official Comm. of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.),* 973 F.2d 141, 145 (2d Cir. 1993); *Parker v. Motors Liquidation Co. (In re Motors Liquidation Co.),* 430 B.R. 65, 83 (S.D.N.Y. 2010) ("The overriding consideration for approval of a Section 363 sale is whether a 'good business reason' has been articulated." (citations omitted)).

24.    The Trustee submits that the sale of the Estate Recovery of the Reifer Deficiency Claim is a reasonable exercise of his business judgment. Courts generally will accord significant deference to a trustee's business judgment to use or sell assets outside the ordinary course of business. *See In re W.A. Mallory Co., Inc.,* 214 B.R. 834, 836–37 (Bankr. E.D. Va. 1997) ("[G]reat deference is given to a business in determining its own best interests."); *see also In re Global Crossing, Ltd.,* 295 B.R. 726, 744 n. 58 (Bankr. S.D.N.Y. 2003) ("[T]he Court does not believe that it is appropriate for a bankruptcy court to substitute its own business judgment for that of the [d]ebtors and their advisors, so long as they have satisfied the requirements articulated in the case law.

25.    There are several compelling reasons to permit the Trustee's sale of the Estate Recovery of the Reifer Deficiency Claim. The timing and amount of the recovery on the Estate Recovery of the Reifer Deficiency Claim remains speculative. The Trustee may have to wait a long time to recover any portion of this asset. While the Trustee waits, the speculative recovery on this asset is the only thing keeping this case open.

26.     The proposed sale to SM Financial, or a different purchaser with a higher or better offer, will, instead, permit the Trustee to fully liquidate the Estate's assets and to allow the Trustee to complete his administration of the Estate and to make distributions, if any, to the Estate's creditors.

27.     The sale process proposed by the Trustee contemplates notifying not only the Debtor's creditors and parties-in-interest, including HMF and its counsel, but also parties who are known to purchase or consider purchasing assets of this nature.  Additionally, prior to the Stalking Horse Agreement with SM Financial, the Trustee posted a notice about the asset sale on the website of the National Association of Bankruptcy Trustees ("NABT"), so he has already marketed this asset.  Once filed, the Trustee will update his post on the NABT website regarding the Stalking Horse Bid from SM Financial, to elicit higher or better offers, and will serve notice of this Motion on any parties who contacted the Trustee in connection with his original post on the NABT website regarding the sale of this asset.

28.     The Trustee respectfully submits that authorizing the sale of the Estate Recovery of the Reifer Deficiency Claim to the party that submits the highest and best offer is in the best interests of the Estate and its creditors.

## NOTICE

29.     Notice of this Motion will be provided by the Trustee to all creditors and parties-in-interest with respect to the Debtor's Estate, HMF's counsel of record in the Bankruptcy Case and the Appeal, all parties the Trustee has identified as interested or potentially interested in purchasing the Estate Recovery of the Reifer Deficiency Claim, including parties who are in the business of purchasing assets of this kind and the Stalking Horse Purchaser, and all other parties

entitled to notice under Bankruptcy Rule 2002.  The Trustee respectfully submits that such notice is sufficient and that no additional or further notice is necessary.

## **NO PRIOR RELIEF**

30.     No prior request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter the Sale Order, substantially in the form annexed hereto as **Exhibit A**, authorizing the Trustee to sell Estate's right, title, and interest in and to the Estate Recovery of the Reifer Deficiency Claim, pursuant to 11 U.S.C. § 363(b), to SM Financial in accordance with the Stalking Horse Bid, subject to higher or better offers on the terms set forth herein, and to grant such other and further relief as may be just and proper.

Dated:   New York, New York
              November 12, 2025

<div style="margin-left:40%">

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**


By:   */s/ Kathleen Aiello*
          Kathleen Aiello
          200 West 41st Street, 17th Floor
          New York, New York 10036
          Tel: (212) 972-3000
          Fax: (212) 972-2245
          Email: kaiello@klestadt.com

          *Counsel to Yann Geron, Chapter 7 Trustee*

</div>

# **<u>Exhibit A</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
In re                                                      :
                                                           :                Chapter 7
EIGHT-115 ASSOCIATES, LLC,                                 :
                                                           :                Case No. 20-11812 (MG)
                                      Debtor.              :
----------------------------------------------------------x

**ORDER, PURSUANT TO 11 U.S.C. § 363(b), AUTHORIZING THE TRUSTEE**
**TO SELL AND ASSIGN THE ESTATE'S RIGHT, TITLE, AND INTEREST IN**
**AND TO RECOVERIES FROM CERTAIN CLAIMS AS SET FORTH IN A**
**STIPULATION BETWEEN THE TRUSTEE AND HARLEM MULTIFAMILY**
**LLC, TO SM FINANCIAL SERVICES CORPORATION, SUBJECT TO**
**HIGHER OR BETTER OFFERS**

Upon the motion, dated November 12, 2025 (the "Motion") [Docket No. 110], of Yann Geron,

Chapter 7 trustee (the "Trustee") of the estate (the "Estate") of Eight-115 Associates, LLC, the above-

captioned debtor (the "Debtor"), seeking entry of an order of the Court authorizing the Trustee to

sell all the Estate's right, title, and interest in and to the Estate Recovery of the Reifer Deficiency

Claim[1], pursuant to 11 U.S.C. § 363(b), to SM Financial Services Corporation ("SM Financial" or

the "Stalking Horse Purchaser") for $10,000 and in accordance with the Stalking horse Bid, subject

to higher and better and better offers (the "Sale") in accordance with the procedures set forth in the

Motion; and notice of the Motion having been given in accordance with Fed. R. Bankr. P. 2002 in

addition to other parties who have expressed an interest in purchasing Estate Recovery of the Reifer

Deficiency Claim or are otherwise in the business of purchasing similar assets, and no additional or

further notice needing to be given; and after due deliberation and sufficient cause appearing therefore,

it is

---

[1] Capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Motion.

**ORDERED**, that _____ (the "Purchaser") with a bid of $_____ is deemed to be the winning bidder in the sale of the Estate Recovery of the Reifer Deficiency Claim, and accordingly, the parties are directed to close on the contemplated transaction within seven (7) days of the entry of this Order by delivery of the sale price to the Trustee and the Trustee's delivery of an assignment (the "Assignment") of the Estate Recovery of the Reifer Deficiency Claim in the form annexed hereto as Exhibit 1 to the Purchaser or other documents as may be reasonably required to convey the Estate's interest in the Estate Recovery of the Reifer Deficiency Claim to the Purchaser; and it is further

**ORDERED**, that the Purchaser is not assuming or adopting any of the Trustee's, the Debtor's or the Estate's duties or obligations, whether fiduciary, contractual, or otherwise, as to any other party or entity; and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order and the Assignment.

Dated:    New York, New York
_____ __, 2025

_____
HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY
JUDGE

2

*EXHIBIT 1*

## ASSIGNMENT OF CLAIMS

**Yann Geron, in his Capacity as Chapter 7 Trustee of debtor Eight-115 Associates, LLC (the "Debtor")**, whose bankruptcy case is pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under Case No. 20-11812 (MG) (the "Case"), with offices c/o Geron Legal Advisors LLC, 370 Lexington Avenue, Suite 1208, New York, New York 10017 (the "Assignor"), for good and valuable consideration does hereby irrevocably sell, convey, transfer and assign to _____, ("Assignee"), and its successors and assigns, with offices at _____, all of Assignor's, the Debtor's, and Debtor's bankruptcy estate's, right, title and interest in and to the Estate Recovery of the Reifer Deficiency Claim, as that term is defined in the *Chapter 7 Trustee's Motion for an Order, Pursuant to 11 U.S.C. § 363(b), Authorizing the Trustee to Sell and Assign the Estate's Right, Title and Interest in and to Recoveries from Certain Claims* [ECF No. __], and more specifically set forth in that certain *Stipulation and Order, Pursuant to Bankruptcy Rule 9019 and Sections 105, 362, 363, 364, and 502 of the Bankruptcy Code, (I) Settling and Allowing the Claims of Harlem Multifamily LLC; (II) Determining Harlem Multifamily LLC has First Priority Liens on the Debtor's Property; (III) Directing the Sale of the Debtor's Property; and (IV) Granting Related Relief* [ECF No. 49] (the "Carve Out Stipulation"), between the Trustee and Harlem Multifamily LLC ("HMF"), and as specifically set forth in paragraphs 16 and 18(b) of the Carve out Stipulation, and all rights and benefits of the Assignor relating to the Estate Recovery of the Reifer Deficiency Claim, including without limitation, any rights to collection, actions, claims, rights or lawsuits of any nature whatsoever. This Assignment shall be deemed an absolute and unconditional assignment of the Estate Recovery of the Reifer Deficiency Claim for the purpose of collection and satisfaction and shall not be deemed to create a security interest.

This Assignment is made as-is, where-is, without any representations or warranties by the Trustee of any kind, except that this Assignment has been duly and validly approved and authorized by the Bankruptcy Court in the Case.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement by their duly authorized representatives as of this the ___ day of _____, 2025.

ASSIGNOR:

**YANN GERON**, as Chapter 7 Trustee, on behalf of himself, **EIGHT-115 ASSOCIATES, LLC**, and its bankruptcy estate

By: _____
    Yann Geron
    as Chapter 7 Trustee