| | |
|---|---|
| **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**<br>200 West 41st Street, 17th Floor<br>New York, NY 10036<br>Telephone: (212) 972-3000<br>Facsimile: (212) 972-2245<br>Kathleen Aiello<br><br>*Counsel to Yann Geron, Chapter 7 Trustee* | Objection and Bid Deadline:<br>   December 2, 2025 at 5:00 p.m. (ET)<br><br>Reply Deadline (as needed):<br>   December 9, 2025 at 5:00 p.m. (ET) |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re                                                                    :
                                                                              :     Chapter 7
EIGHT-115 ASSOCIATES, LLC,                      :
                                                                              :     Case No. 20-11812 (MG)
                                           Debtor.           :
-----------------------------------------------------------x

**NOTICE OF CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER, PURSUANT TO 11 U.S.C. § 363(b), AUTHORIZING THE TRUSTEE TO SELL AND ASSIGN THE ESTATE'S RIGHT, TITLE, AND INTEREST IN AND TO RECOVERIES FROM CERTAIN CLAIMS AS SET FORTH IN A STIPULATION BETWEEN THE TRUSTEE AND HARLEM MULTIFAMILY LLC, TO SM FINANCIAL SERVICES CORPORATION, <u>SUBJECT TO HIGHER OR BETTER OFFERS</u>**

**TO ALL CREDITORS AND PARTIES IN INTEREST IN THIS CASE ENTITLED TO NOTICE PURSUANT TO FED. R. BANKR. P. 2002, AND ALL PARTIES KNOWN TO THE TRUSTEE AS HAVING AN INTEREST OR POTENTIAL INTEREST IN PURCHASING ASSET:**

**PLEASE TAKE NOTICE** that Yann Geron, as Chapter 7 trustee (the "<u>Trustee</u>") of the estate (the "<u>Estate</u>") of Eight-115 Associates, LLC (the "<u>Debtor</u>"), has filed a motion (the "<u>Motion</u>") seeking an order of the Court authorizing him to sell and assign the Estate Recovery of the Reifer Deficiency Claim, as that term is defined in the *Chapter 7 Trustee's Motion for an Order, Pursuant to 11 U.S.C. § 363(b), Authorizing the Trustee to Sell and Assign the Estate's Right, Title and Interest in and to Recoveries from Certain Claims* [ECF No. 110], and more specifically set forth in that certain *Stipulation and Order, Pursuant to Bankruptcy Rule 9019 and Sections 105, 362, 363, 364, and 502 of the Bankruptcy Code, (I) Settling and Allowing the Claims of Harlem Multifamily LLC; (II) Determining Harlem Multifamily LLC has First Priority Liens on the Debtor's Property; (III) Directing the Sale of the Debtor's Property; and (IV) Granting Related Relief* [ECF No. 49] (the "<u>Carve Out Stipulation</u>"), between the Trustee and Harlem Multifamily LLC ("<u>HMF</u>"), and as specifically set forth in paragraphs 16 and 18(b) of the Carve out Stipulation, to SM Financial Services Corporation ("<u>SM Financial</u>" or the

"Stalking Horse Purchaser"), for $10,000 (the "Stalking Horse Bid"), pursuant to 11 U.S.C. §§ 363(b), subject to higher and better offers and in accordance with the proposed bid procedures summarized below and set forth in more detail in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Motion has been filed electronically with the Clerk of the United States Bankruptcy Court for the Southern District of New York and may be reviewed by all registered users of the Court's website at www.nysb.uscourts.gov. Copies of the Motion are available upon request to the undersigned attorneys for the Trustee, Attn: Kristen M. Strine, Paralegal, at kstrine@klestadt.com.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be (a) in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, (c) filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) -- registered users of the Bankruptcy Court's case filing system must file electronically and all other parties in interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows' based word-processing format), (d) submitted by email directly to the chambers of the Honorable Martin Glenn, Chief United States Bankruptcy Judge at mg.chambers@nysb.uscourts.gov, and (e) served upon counsel to the Trustee, Attn: Kathleen Aiello, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036-7203 by **5:00 p.m. on December 2, 2025 (the "Objection Deadline").**

**PLEASE TAKE FURTHER NOTICE**, that any party that wishes to make an offer to purchase the Estate Recovery of the Reifer Deficiency Claim, must submit a bid conforming to the following procedures:

- **Bid Deadline**: The deadline to submit bids for the Estate Recovery of the Reifer Deficiency Claim will be **December 2, 2025, at 5:00 p.m.**, the objection deadline for the Motion (the "Bid Deadline").

- **Deposit**: Each prospective bidder must deposit with the Trustee the amount of $12,500 by the Bid Deadline (the "Deposit"). The Deposit will be returned to the bidder upon the earlier of: (i) consummation of the sale of the Estate Recovery of the Reifer Deficiency Claim, to another bidder; or (ii) fourteen (14) days after entry of the order authorizing the Trustee's sale of the Estate Recovery of the Reifer Deficiency Claim, to another party (the "Irrevocability Period").

- **Required Bid Documents**: Each bidder must submit to the Trustee by the Bid Deadline: (i) a written offer to purchase the Estate Recovery of the Reifer Deficiency Claim that is for a stated amount of not less than the Deposit, for all cash, on an as-is, where-is basis, with no contingencies, and that is irrevocable until expiration of the Irrevocability Period; and (ii) the Deposit. If a bidder meets the requirements, it will be designated a "Qualified Bidder" by the Trustee.

- **Determination of Winning Bidder**: If there is more than one Qualified Bidder, the Trustee will endeavor to determine the highest and best bid prior to December 9, 2025, the deadline to reply to any objections to the Motion or competing bids (the "Reply Deadline"). If a highest and best bid cannot be determined or declared prior

- to the Reply Deadline, or there is a contest regarding who submitted the highest and best bid, the Trustee will request a hearing from the Court to determine the winning Qualified Bidder (the "Purchaser").

- **Closing**:  The Purchaser must pay any difference between its winning bid and the Deposit by no later than seven (7) days after entry of the order (the "Sale Order") confirming the Sale (the "Closing Deadline"), after which the Trustee will immediately furnish an assignment (the "Assignment") of the Estate Recovery of the Reifer Deficiency Claim in substantially the same form as that annexed as Exhibit 1 to the Sale Order.  If the Purchaser fails to make up a difference between its winning bid and the Deposit by the Closing Deadline, the Trustee shall retain the Deposit as liquidated damages and shall consummate a transaction with the next Qualified Bidder, if any, who shall have seven (7) days to complete the transaction.

**PLEASE TAKE FURTHER NOTICE** that the Motion may be approved by the Court without a hearing on the Motion, unless one is specifically requested by the parties, upon further notice provided by the Trustee.

Dated:    New York, New York
              November 12, 2025

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By:  */s/ Kathleen Aiello*
Kathleen Aiello
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: kaiello@klestadt.com

*Counsel to Yann Geron, Chapter 7 Trustee*